against the landlord under the respective prime leases; and assignee Botany accepted the transfer subject to the right of assignor Rothschild to occupancy under the respective prime leases. Hence, under the terms of the assignment, assignee Botany never was in actual possession of the leased premises. Nor did it ever have, as against either the landlord or Rothschild, the right to the immediate possession of the leased premises. For that reason, assignee Botany never became the tenant under the prime leases.

Conversely, assignor Rothschild was, and was to continue to be, in actual possession of the leased premises under the right to occupy them which it then held under the prime lease, and, as against both the landlord and Botany, had and was to continue to have the right to immediate possession of the said premises for the entire remaining balance of the term of the respective prime leases. Hence, Rothschild remained the tenant under the prime leases. Since it is conceded that Rothschild never went into bankruptcy, the respective landlord's power to terminate the prime lease in that event never became exercisable.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH HALL, JR., Defendant-Appellant.

(No. 58917;

First District (5th Division)—January 10, 1975.

*Rehearing denied February 6, 1975.*

556

Opinion by Mr. JUSTICE DRUCKER.

Howard T. Savage, of Chicago (Sheila Bator and Howard O. Edmonds, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Michael A. Tyrrell, Assistant State's Attorneys, of counsel), for the People.